IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BONNIE BARRON,

                Plaintiff,        Hon._____

v.                                                No. _____

ZURICH NORTH AMERICA aka
ZURICH AMERICAN INSURANCE CO.;        **JURY TRIAL DEMANDED**

                Defendant.

## COMPLAINT AT LAW

Plaintiff, BONNIE BARRON, by and through her attorneys, GOLDBERG WEISMAN & CAIRO, LTD., hereby files the following Complaint at Law against Defendants, as captioned follows:

### I.    NATURE OF ACTION

1. This is an action for damages against Defendant, ZURICH NORTH AMERICA aka ZURICH AMERICAN INSURANCE COMPANY (hereinafter referred to as "Zurich") for its unlawful discrimination on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended ("ADA").

### II.    JURISDICTION AND VENUE

2. This Court has original jurisdiction over all counts within this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 42 U.S.C. § 2000e-5(f)(3) (right to civil action under Title VII), 42 U.S.C. § 12117(a) (right to civil action under the ADA).

3. The unlawful employment practices described herein were committed within the State of Illinois, in the place of Plaintiff's employment in the Company's headquarters, located at 1400 American Way in Schaumburg, Illinois. Accordingly, venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4. On December 31, 2015, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") against Defendant, substantially describing the facts recited herein and which is incorporated by reference.

5. On July 16, 2016, the EEOC issued a Dismissal and Notice of Rights, a copy of which is attached as <u>Exhibit A</u>. This Complaint was filed within ninety days of Plaintiff's receipt of the Dismissal and Notice of Rights from the EEOC.

6. Plaintiff has satisfied all conditions precedent to pursuing her claims under ADA.

7. At all times relevant, Defendant employed more than 50 employees within 75 miles of Plaintiff's location of employment in Schaumburg, Illinois.

### III.   THE PARTIES

8. The Plaintiff, BONNIE BARRON, at all times material is a resident of Cook County, State of Illinois.

9. The Defendant employed the Plaintiff from September 1986 until June 20, 2015.

10. At all times relevant, Plaintiff was an "employee" within the meaning 29 U.S.C. § 2611(2)(A).

11. The Defendant, ZURICH NORTH AMERICA aka ZURICH AMERICAN INSURANCE COMPANY, is a corporation that operates as a commercial property-casualty insurance provider. The Defendant has offices throughout the country, including in Illinois.

12. Defendant's main headquarters are located at 1400 American Lane, Schaumburg, County of Cook, State of Illinois.

13. At all times relevant, Zurich was Plaintiff's "employer" within the meaning of 29 U.S.C. § 2611(2)(A).

### IV. APPLICABLE LAW

14. The Americans with Disabilities Act of 1990, *as amended,* states in relevant part:

> SEC. 12101.
>
> (a) Findings. - The Congress finds that-
>
> **(1)** physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

> SEC. 12102. – Definitions:
>
> **(1)** Disability. - The term "disability" means, with respect to an individual-
>
> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment (as described in paragraph (3)).
>
> (2) Major life activities
>
> A) In general
>
> For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

(B) Major bodily functions

For purposes of paragraph (1), a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

(3) Regarded as having such an impairment

For purposes of paragraph (1)(C):

(A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

15. The Americans with Disabilities Act then goes on to discuss the issue of discrimination:

    SEC. 12112.

    (a) General rule. - No covered entity shall discriminate against a qualified individual **on the basis of disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

## V. FACTUAL ALLEGATIONS

16. Plaintiff began working for Zurich on or about September, 1986. Plaintiff's last position with Defendant was Administrative Assistant.

17. Throughout her employment with Defendant, Plaintiff's job performance was above average and she received no disciplinary action.

18. On or about September of 2013, Plaintiff's health began to deteriorate and she was diagnosed with Endometrial Cancer in December of 2013.

19. Endometrial Cancer has been defined as a disability under the Americans with Disabilities Act of 1990, *as amended*, in that it is a physical impairment that substantially limits one or more major life activities.

20. On or about January 6, 2014, Plaintiff was admitted to the hospital for cancer treatment. Over the next several months, Plaintiff underwent several surgical procedures, radiation treatment and rehabilitation.

21. Consequently, Plaintiff was placed on a leave of absence with Defendant on or about January 6, 2014.

22. At all times during this time period, Plaintiff was in contact with her direct supervisor, Matrix Manager Ron Pacini. Plaintiff advised him of her illness, disability and her inability to work while she was in the hospital and recovery.

23. Plaintiff continued to keep in contact with Manager Pacini after her release from the hospital and continued treatment.

24. In February of 2015, Plaintiff underwent an additional surgery related to her cancer treatment and disability.

25. On or about July 5, 2015, Plaintiff was released to return to work by her treating physician.

26. On July 8, 2015, Plaintiff contacted Manager Pacini to coordinate her return to work and any potential accommodations.

27. Manager Pacini in turn advised her to contact Human Resources to coordinate her return to work.

28. Plaintiff immediately contacted Human Resources and spoke with Human Resources Assistant Vice President Nicole Golliday.

29. During that conversation, Ms. Golliday asserted that she had been trying to get in contact with Plaintiff for "months" with no success.

30. Ms. Golliday also advised Plaintiff that she had been terminated from her position with Defendant on June 20, 2015.

31. Plaintiff advised Ms. Golliday that she never received any communications from her, either written or oral at any time.

32. Plaintiff also advised that she was ready to return to work.

33. Ms. Golliday refused Plaintiff's request to return to work for Defendant.

34. When Plaintiff continued to complain about this treatment and lack of accommodation, Ms. Golliday claimed that she would try and help Plaintiff find another job with Defendant.

35. Ms. Golliday gave Plaintiff two job leads at that time. However, when Plaintiff attempted to apply for those positions, both job postings were filled and/or closed.

36. Plaintiff continued to reach out to Zurich following these incidents in an attempt to return to work for Defendant, but to no avail.

## VI. COUNT 1: VIOLATION OF ADA – DISCRIMINATION

37. Plaintiff restates and incorporates Paragraphs 1 through 37 as though fully set forth herein.

38. Defendant is an "employer" within the meaning of the ADA.

39. Plaintiff was an "employee" within the meaning of the ADA.

40. Plaintiff suffered from a disability within the meaning of the ADA.

41. Defendant perceived Plaintiff as a person suffering from a disability.

42. Defendant discriminated against Plaintiff by selecting her for termination and terminating her employment due to her disability and/or the perception of her disability.

WHEREFORE, the Plaintiff, BONNIE BARRON respectfully requests that this Court enter an order as follows:

    A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of Title I of the ADA;

    B. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of Title I of the ADA;

    C. Awarding Plaintiff compensatory and punitive damages;

    D. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    E. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## VII. COUNT II: VIOLATION OF ADA – FAILURE TO ACCOMMODATE

43. Plaintiff restates and incorporates Paragraphs 1 through 43 as though fully set forth herein.

44. Defendant is an "employer" within the meaning of the ADA.

45. Plaintiff was an "employee" within the meaning of the ADA.

46. Plaintiff suffered from a disability within the meaning of the ADA.

47. Defendant perceived Plaintiff as a person suffering from a disability.

48. Upon her release to return to work, Plaintiff requested a requested a reasonable accommodation from Defendant to return to her previous position.

49. Defendant fail to accommodate Plaintiff's request for an accommodation to return to her previous position on the basis for her disability.

50. Defendant continued to fail to accommodate Plaintiff's disability by their choice in not offering her a comparable position within Zurich.

51. Defendant discriminated against Plaintiff by failing to accommodate her request for reasonable accommodations due to her disability and/or the perception of her disability.

WHEREFORE, the Plaintiff, BONNIE BARRON respectfully requests that this Court enter an order as follows:

> F. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of Title I of the ADA;
>
> G. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of Title I of the ADA;
>
> H. Awarding Plaintiff compensatory and punitive damages;
>
> I. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and
>
> J. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

Respectfully Submitted,
By: /s/   Dana N. Blumthal   .

Dana N. Blumthal
GOLDBERG WEISMAN & CAIRO, LTD.
One East Wacker Drive, 39th Floor
Chicago, Illinois 60601
Tel: (312) 464-1200
Fax: (312) 464-1212
dblumthal@gwclaw.com
Attorney ID: 6304619